UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Louis Lamon,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>G. Stratton, Director of California Department of Corrections and Rehabilitation, et al.,<br><br>　　　　　　Defendant(s).<br>_____ | CASE NO. CV S-08-1762 DOC<br><br>**O R D E R** |

Plaintiff Barry Louis Lamon ("Plaintiff"), proceeding *pro se*, is a prisoner in the custody of the California Department of Corrections ("CDCR") in Corcoran, CA. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis is granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $0.00[1] will be assessed by this order. 28 U.S.C. § 1915(b)(1). By

---

[1] Plaintiff's trust fund account statement shows that, in the month preceding the filing of his Complaint, the account at all times had a zero or negative balance.

separate order, the court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated to pay monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

# I. Background

Plaintiff has named dozens of employees of the CDCR as defendants in the complaint, including Sergeants Weatherbee, Prado, B. McJunkin, Garcia, and correctional officers, Gonzales, Detlefsen, Scogin, and Konrad (collectively, "Defendants"). The director of the CDCR (not specifically named by Plaintiff) and the wardens of the prison, S. Kernan and G. Stratton (collectively, "Wardens") were also named in the complaint. Plaintiff goes on to name nearly every other correctional officer he came in contact with while in custody at the CDCR. Plaintiff sues the Wardens in both their individual and official capacities for violating his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff sues the Defendants in their individual capacities.

Plaintiff alleges that he has been subjected to "cruel and unusual low intensity assassination methods in reprisal for [his] past physical battery on CDCR staff and in retaliation for [] filing [previous] grievances and lawsuits." Plaintiff alleges that previous grievances he filed against officers of the CDCR have caused those officers to intentionally place Plaintiff in dangerous situations in which he was subject to harm from other prisoners. These dangerous situations caused Plaintiff to seek "protective custody." According to Plaintiff, protective custody causes a prisoner to become the subject of ridicule and attack from other prisoners.

Plaintiff asked to be moved from B-Facility to C-Facility because he feared for his personal safety, but the correctional officers refused to transfer him. After reporting to the mental health doctors that he feared the correctional officers were "setting him up" and that he was under severe stress, Plaintiff was transferred to C-Facility. Plaintiff further claims that, in order to discipline him, he was intentionally placed in a cell with an inmate who had been

2

targeting him. Plaintiff alleges the corrections officers were disappointed that the two prisoners did not engage in a fight and subsequently placed Plaintiff in segregation. Plaintiff claims that because the transfer to C-Facility was successful and did not result in Plaintiff suffering injury, he was transferred back to B-Facility.

Plaintiff was later transferred from B-Facility to the Sensitive Needs Yard and was forced to share a cell with a member of a prison gang whom he believes was targeting him. Plaintiff requested to be returned to Administrative Segregation pending an investigation into his allegations that he was being "set up" by the correctional officers. Plaintiff was returned to Administrative Segregation but was later told nothing would be done about his complaints. When he exited Administrative Segregation, he felt he was going to be attacked by other prisoners and shouted loudly that he knew he was being set up by the correctional officers. He then shouted that he was suicidal so he could be placed in a secure holding cell until a doctor arrived. Plaintiff later was told by the correctional officers that if he would drop the lawsuits pending against them, they would ensure the threats against Plaintiff would stop. After he refused to withdraw his lawsuits, Plaintiff claims he suffered severe headaches, abdominal pain, blurred vision, pain in his ears and sinuses, burning in his throat, irritation, and a chemical aftertaste from his meals. Plaintiff alleges that the Defendants poisoned his food or did not intervene when they knew his food was poisoned.

Plaintiff alleges that the Defendants made false charges against him for battering and threatening correctional officers. At his administrative hearing for these charges, Plaintiff was denied the ability to call witnesses and was found guilty. Consequently, his "good time credits" and privileges were withdrawn. These allegations also resulted in Plaintiff being held in the Security Housing Unit for several months at a time.

Plaintiff voiced suicidal propensities again in order to be removed from the correctional officers he alleges abused him and was placed in the Overflow Hospital Unit for treatment. While in the Overflow Hospital Unit, Plaintiff alleges that Defendants Weatherbee, Gonzalez, Detlefson, and Konrad beat Plaintiff while he was handcuffed. Plaintiff alleges that while he was being transported to his cell, he was pulled by his handcuffs at his feet up a flight of stairs

3

and that he was intentionally dropped, rammed, and bumped into desks, chairs, and stairs. Plaintiff allegedly reported this incident but claims the reports were ignored by Defendants.

Plaintiff claims that as a result of all the these incidences, he was classified as a psychotic and was placed on anti-psychotic medication. He also alleges that he has not received adequate medical care for the injuries he has sustained and the diseases he has contracted while imprisoned.

Plaintiff alleges he has suffered serious injuries, including pain and suffering, mental and emotional injuries, economic damages, and deprivation of privileges. Additionally, Plaintiff claims he has suffered chronic tear-producing head pain, chronic debilitating liver pain, kidney pain, retching, muscle cramps, constipation, bone pain, nerve damage, bruising, and contracted the Eppstein Barr and Hepatitis B and C viruses. He sues several employees of the CDCR in their official and individual capacities. The Court addresses Plaintiff's claims below.

## II. Legal Standard

Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizon*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

*Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. Discussion

Plaintiff's complaint centers on the allegation that he is constantly being "set up" by the defendants and placed in dangerous situations which could result in physical harm from other inmates. Plaintiff also alleges that his food was poisoned, that he has received improper medical care, that he was denied access to the law library and proper administrative remedies, and that he has been subjected to retaliatory discipline in the form of deprivation of privileges and work. Plaintiff asks for general damages, special damages, attorney's fees, statutory damages pursuant to Cal. Civ. Code §§ 51.7, 51.2, and 52, costs of the suit, and such other and further relief as the Court may deem just and proper.

The Court has reviewed Plaintiff's complaint and determined that it states cognizable claims for relief under 42 U.S.C § 1983 and 28 U.S.C. § 1915A(b) against defendants Weatherbee, Prado, B. McJunkin, Garcia, Gonzales, Detlefsen, Scogin, and Konrad for violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment. According to the complaint, Plaintiff was dragged by Defendants Gonzalez, Weatherbee, Detlefsen, Konrad and Scogin while in handcuffs from the Overflow Hospital Unit holding cage to a cell and was beaten and thrown into stairs, chairs, and desks along the way. Once inside the cell, Plaintiff alleges he was beaten again. After being placed in the cell, Plaintiff alleges he was returned to the holding cage and was again beaten and pushed into chairs, desks, and stairs. Defendant Prado allegedly came on duty after the attack and did not provide Plaintiff with the medical attention he requested even though he was bruised and bleeding. Defendants McJunkin and Garcia had the Plaintiff moved back to his cell and also ignored Plaintiff's requests for medical attention. Plaintiff alleges he has exhausted the proper administrative and grievance procedures to no avail and that he has been prevented from exhausting the administrative procedures available to him.

To the extent Plaintiff asserts his claim against the Defendants in their individual capacity

for Eighth Amendment violations, the Plaintiff may proceed with his claim.

> Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain" violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986): whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S.Ct. 995 (1992).

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. "After incarceration, only the 'unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S., 651, 670 (1977)(citations omitted). To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety... "[N]egligen[ce] in diagnosing or treating a medical condition" [does] not suffice to make out a claim of cruel and unusual punishment. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986).

As Plaintiff alleges the wanton and unnecessary infliction of pain by the Defendants, his claim is cognizable. Plaintiff alleges that he was bleeding and in pain after the beating and that

he was denied medical treatment by correctional officers.  These allegations, if true, appear to be wanton conduct by the correctional officers on duty.  For that reason, Plaintiff's claim against the correctional officers who denied him medical treatment is also cognizable.  Therefore, Plaintiff has a cognizable claim against Defendants Weatherbee, Prado, B. McJunkin, Garcia, Gonzales, Detlefsen, Scogin, and Konrad.

The Court finds that all other claims asserted by Plaintiff are not cognizable under 42 U.S.C § 1983 and 28 U.S.C. § 1915A(b) as they are frivolous and malicious.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Plaintiff has not asserted facts necessary to support the remaining claims.  Plaintiff's allegations are vague and conclusory and do not sufficiently allege claims against the remaining defendants.  Plaintiff's claims that he was poisoned, that he contracted diseases, that he was subjected to "low intensity assassination methods," and that he was denied privileges due to false charges of wrongdoing are unfounded and are not supported by the facts.  Plaintiff's claims are devoid of any specific factual allegations showing that the remaining defendants participated in the violations or that Plaintiff actually suffered harm from the alleged violations.

### IV. Disposition

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $0.00.  All fees shall be collected and paid in accordance with this Court's order to the Director of the California department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants:

    a. Sergeant Weatherbee

    b. Sergeant Prado

    c. Sergeant B. McJunkin

    d. Sergeant Garcia

    e. Corrections Officer Gonzales

|   |   |
|---|---|
| 1 | f. Corrections Officer Detlefsen |
| 2 | g. Corrections Officer Scogin |
| 3 | h. Corrections Officer Konrad |

4. The Clerk of the Court shall send plaintiff eight (8) USM-285 forms, one summons, an instruction sheet an a copy of the Complaint, filed July 30, 2008.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above;

    d. Nine (9) copies of the endorsed complaint filed July 30, 2008.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's Complaint is DISMISSED without prejudice as to the Director of the CDC, G. Stratton, S. Kerman, B. Jackson, S. Stiles, G. Nies, S. J. Vance, M. Martel, D. Baughman, B. Holmes, D. Just, S.D. Akin, T.K. Brown, K. Brandon, E. Deroco, D. Rosensteel, R D. Jones, Brodderick, Vinnie, K. Anna, T. King, W. Baker, T. Parks, E. Robles, D.L. Lorusso, S. M. Phelps, L.C. Ellis, McIntyre, G. Davis, Gullat, R.C. Jenkins, T Plexico, J.J. Lynch, F. Armstrong, K Higgins, N. Dolan, R Scicluna, D Lord, S. Peterson, Rose, J. Waghter, G.M. Clark, I. Montez, L. Kennedy, M. Nelson, J. Gibson, R.C. Jenkins, K. Baker, Benson, Brooks, T. Magias, S. Painter, D. Williamson, J. Villanveva, Blechinger, C. Haring, G. Galindo, M. Swain, C. Perfino, R Silva, Avilas, S. Correa, W. Hupe, C. Henderson, M Gallagher, Y. Her, J. Borga, Fletcher, Richards, Mooreland, Brandon, Louzano, P. Stinnett, S. Hartman, T - Ray, R - Brown, J. Howard, Schlafani, D. Delarosa, M. Barbour, Onaina, Burback, Bristow, Arnold, D. C. Peterson, S. Lateris, J. Martin, M. Jaffe, C Paizis, R. Johnson, N. Coss, Baxter, G. Borges, J. Turrella, M. Penner, Abromoimich, S. Chernoff, F. Metcalf, Hooper, A. Hardy, C. Ferage,

9

McQueen, Marquez, C. Hoglund, I. O'Brien, L.N. Dovey, I. Salter, and R. Morrow.  Plaintiff is granted thirty (30) days from the date of this order to file an Amended Complaint asserting cognizable claims for relief against those defendants.

IT IS SO ORDERED.

DATED: May 26, 2009

_____
DAVID O. CARTER
United States District Judge
Sitting by Designation

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **Barry Louis Lamon,** | ) | **CASE NO. CV 08-1762 DOC** |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **NOTICE OF SUBMISSION OF DOCUMENTS** |
| v. | ) | |
| | ) | |
| **G. Stratton, Director of California Department of Corrections and Rehabilitation, et al.,** | ) ) ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Plaintiff hereby submits the following documents in compliance with the Court's order filed on _____:

\_\_\_\_\_ completed summons form

\_\_\_\_\_ completed USM-285 forms

\_\_\_\_\_ copies of the _____ (Complaint/Amended Complaint)

DATED:

_____
Plaintiff